Ex parte HUFFMAN.

(Circuit Court. W. D. Texas, El Paso Division. February 10, 1909.)

No. 476.

GUARDIAN AND WARD (§ 167*)—FOREIGN GUARDIAN—RIGHT TO FUND IN COURT —ANCILLARY APPOINTMENT.

Where the judgment of a federal court in Texas in favor of a minor directed the money to be paid out by the clerk to her legal and qualified guardian, and application is made for the same by a guardian appointed in another state where the minor resides, such guardian should obtain ancillary letters of guardianship from the court in the county where the property is located, as provided for by Rev. St. Tex. 1895, art. 2753.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 557; Dec. Dig. § 167.*]

Application by Mrs. Patsy Huffman, of the state of West Virginia, praying for an order authorizing the clerk of this court to pay over to her the sum of $500, now on deposit in the registry of the court, for the use and benefit of Ethel Copley, a minor child 10 years of age.

At the October session of the court at El Paso judgment was rendered in favor of the minor for the amount named in a suit instituted by Mrs. Huffman, as next friend, against the Texas & Pacific Railway Company. The judgment in terms required the money to be paid into the registry of the court for the use and benefit of the minor, and to be paid out by the clerk to her legal and duly qualified guardian. The money was seasonably deposited by the railway company, and the applicant bases her right to receive it upon letters of guardianship issued to her by the county court of Wayne county, W. Va. The order of her appointment is as follows: "On motion, Patsy Huffman is hereby appointed as guardian of and for Ethel Copley, age 10 years, heir at law of M. F. Copley, deceased; and the said Patsy Huffman, being present in open court, accepted said trust, and entered into and acknowledged a bond in the penalty of $1,200, conditioned as the law directs, together with Henry Copley and Milton Perry, her sureties therein. Thereupon the said Patsy Huffman took the several oaths as required by law as such guardian." It does not appear from the order whether Mrs. Huffman was appointed guardian of the estate, or of the person, or both of the estate and person, of the minor, nor is the condition of the bond set out. The transcript of the proceedings of the West Virginia court seems to be regular, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it is authenticated conformably to the requirements of section 905 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 677).

Brown & Terry, for applicant.

MAXEY, District Judge (after stating the facts as above). The judgment rendered in the court at El Paso in favor of the minor, Ethel Copley, directed the money to be paid out by the clerk to her legal and qualified guardian. The amount of the judgment not being in excess of $500, the court might have directed an order to be entered, pursuant to the provisions of Rev. St. Tex. 1895, art. 3498w, authorizing the next friend of the minor or other person to take charge of the money, upon giving bond in any sum not less than double the value of the property; but the judgment as actually entered directed its payment to the legal and qualified guardian of the minor. In some jurisdictions it has been held that, without express statutory authority, a court of chancery has power to order the payment of the ward's assets to a foreign guardian, when in its judgment such action is deemed best for the interest of the ward. Earl v. Dresser, 30 Ind. 11, 95 Am. Dec. 660, and note at page 666; Woerner, Am. Law Guardianship, 87; 13 Am. & Eng. Enc. Law (2d Ed.) 968, 969. But it is said to be generally requisite that, where an infant domiciled in one state has property in another, a guardian be appointed for such property in the state where it is situated. In the exercise of comity, however, preference will ordinarily be given to the person already clothed with the authority of guardian in the state of the infant's domicile. 13 Am. & Eng. Enc. Law (2d Ed.) 968, cl. 3.

Since courts should act with extreme circumspection in dealing with the estates of infants and others under guardianship, it is thought to be the better and safer practice, where nonresident guardians seek to obtain possession of moneys in the registry of the court, to require as a prerequisite to the payment of such moneys the production of ancillary letters, issued by a local court where the property is situated. In Texas such letters may be obtained expeditiously and with little expense. The statute upon the subject provides as follows:

"Where a guardian and his ward are nonresidents, such guardian may file in the county court of any county a full and complete transcript from the records of a court of competent jurisdiction where he and his ward reside, showing that he has been appointed and has qualified as guardian of the estate of such ward, which said transcript shall be certified by the clerk of the court in which the proceedings were had, under the seal of such court, if there be one, together with a certificate from the judge, chief justice or presiding magistrate of such court, as the case may be, that the attestation to such transcript is in due form; and upon the filing of such transcript the same may be recorded, and the guardian shall be entitled to receive letters of guardianship of the estate of such minor situated in this state, upon filing a bond with sureties, as in other cases, in double the amount of the estimated value of such estate." Rev. St. 1895, art. 2753.

See, also, Simkins, Administration of Estates, pp. 484, 611.

Article 2754 provides for the recovery of the property of the nonresident ward and for its removal out of the state; and by article 2755 it is provided that:

"Any resident executor, administrator or guardian having any of the estate of such ward, may be ordered by the court to deliver the same to such nonresident guardian."

It is thus seen that 'the laws of this state provide an easy, expeditious, and inexpensive method whereby a nonresident guardian may obtain possession of the ward's estate situated in Texas. In addition, the interest of the ward is thoroughly protected by requiring a bond to be given in double the amount of the value of the assets sought to be recovered. As before stated, the judgment rendered in favor of the minor, Ethel Copley, authorized the clerk to pay over the money to her legal and duly authorized guardian. Such a guardian, as applied to the facts of this particular case, is one appointed, or to be appointed, by the county court of El Paso county; and when a guardian so appointed applies for the $500 in the registry of the court, the clerk will then be clothed with authority to pay it over.

The application in its present form will be denied, with liberty to Mrs. Huffman to present an application at some future time in conformity with the views above expressed.